70 F.3d 1279
 76 A.F.T.R.2d 95-7797, 96-1 USTC P 50,049
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PRAXITELES, INC.; Sheldon M. Sisson, A Person Other Than
The Tax Matters Person, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 94-70137.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1995.*
Decided Dec. 5, 1995.
 
 1
 Before: FLETCHER, CANBY and HAWKINS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Sheldon M. Sisson, a person other than the tax matters person, brought this action on behalf of Praxiteles, Inc. Sisson was a shareholder of Praxiteles, a now-dissolved California subchapter-S corporation. Sisson appeals the decision of the Tax Court, which upheld the Internal Revenue Service's Notice of Final S Corporation Administrative Adjustment. This court has jurisdiction pursuant to the IRC Secs. 6226(b) & 6244. We affirm the decision of the Tax Court.
 
 
 4
 We will not repeat the facts here because the parties are familiar with them. Sisson's only argument on appeal is that the extensions of the limitations period within which to adjust Praxiteles's 1985 tax return were not valid. We affirm the Tax Court's ruling that the extensions were valid.
 
 
 5
 The question whether the designated tax matters person, Charles V. Bergquist, had authority to sign the extensions involves an application of law to fact, which we review de novo. See Kelley v. Commissioner, 45 F.3d 348, 350 (9th Cir.1995). Bergquist had been designated as tax matters person in the past, and the regulation provides that a person continues in that role until another person has been designated to be the tax matters person, the tax matters person resigns, or the corporation revokes the tax matters person's designation. See Temp.Treas.Reg. Sec. 301.6231(a)(7)-1T(d), (i), & (j). The Tax Court correctly found that none of these three things occurred. We conclude, therefore, that Bergquist was authorized to sign the extensions.
 
 
 6
 Finally, the Tax Court found as a fact that Bergquist's signatures on the extensions were authentic. That finding was not clearly erroneous.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3